IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE MARTIN GAUGER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTIONS TO WITHDRAW PLEA OF GUILTY<br><br>Case No. 2:10-CR-1070 TS |

This matter is before the Court on Defendant's Motions to Withdraw Plea of Guilty.[1] On January 17, 2012, the above-entitled matter was referred to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued a Report and Recommendation on June 11, 2012.[2] After consideration of the Magistrate Judge's Report and

---

[1]Docket Nos. 73, 83.

[2]Docket No. 89.

Recommendation and the parties' submissions, the Court will adopt the Magistrate Judge's Report and Recommendation and deny Defendant's Motions to Withdraw Plea of Guilty.

## I. STANDARD OF REVIEW

A.  REPORT AND RECOMMENDATION

Twenty-eight U.S.C. § 636 provides for the temporary assignment of jurisdiction and powers to magistrate judges. On "[a] dispositive pretrial motion . . . [s]uch a reference empowers the magistrate to hold an evidentiary hearing, if required. The magistrate does not rule directly on such a motion, but rather must file a report containing findings of fact and recommendations for the assistance of the district judge who makes the ruling."[3] Section 636(b)(1) further provides that "any party may serve and file written objections to such proposed findings" and "the district court 'shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[4]

B.  MOTION TO WITHDRAW

Federal Rule of Criminal Procedure 11(d)(2)(B) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal. "The defendant bears the burden of establishing a 'fair and just reason.'"[5]

---

[3] *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985).

[4] *Kartiganer v. Juab Cnty*, 2011 WL 4916601, at *1 (D. Utah October 17, 2011) (quoting 28 U.S.C. § 636(b)(1)).

[5] *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000)).

The Court determines whether a defendant can show "a fair and just reason" by reviewing the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.[6]

II. DISCUSSION

As referenced above, the Magistrate Judge submitted a thorough Report and Recommendation in this matter. Upon consideration of the evidence, the Magistrate Judge found that "the above factors weigh against Defendant" and recommended that the Defendant's Motions to Withdraw be denied.[7]

Defendant objects to various of the Magistrate Judge's findings. Pursuant to 28 U.S.C. § 636(b)(1), the Court will make a de novo determination of those portions of the report to which objection is made.

A. ASSERTION OF INNOCENCE

Defendant objects to the Magistrate Judge's finding that: "It took approximately seven months for [Defendant] to assert his innocence claiming that he lacked the specific intent required under some of the alleged charges."[8] The Magistrate Judge properly noted that

---

[6]*See United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993).

[7]Docket No. 89, at 12.

[8]*Id*. at 4.

Defendant did not assert his innocence (1) in his initial or renewed motions to withdraw guilty plea or (2) during any of the three hearings held to address Defendant's motions to withdraw. Defendant entered a guilty plea in this matter on August 8, 2011. Defendant's first assertion of innocence after the entry of his plea was a legal innocence defense raised in his most recent Motion for Withdrawal of Guilty Plea, filed on March 16, 2012. Thus, more than seven months transpired after Defendant pleaded guilty to the crimes charged before Defendant asserted his innocence.

The Court finds Defendant's arguments on this point unavailing and holds that Defendant's delay in asserting his innocence weighs against allowing him to withdraw the plea.[9]

B.   PREJUDICE

Defendant does not object to the Magistrate Judge's finding that the Government would not be seriously prejudiced if Defendant were allowed to withdraw his plea. The Court will therefore adopt the Magistrate Judge's finding on this factor.

C.   DELAY

Defendant asserts that his "mental health, diminished capacity due to many years of drug abuse, and related medical treatment led to his confusion regarding the entry of his plea, the time delay of two months was short and thus this factor should weigh in his favor."[10]

Defendant filed his initial motion to withdraw two months after entering his guilty plea. Defendant withdrew this original motion only to file a similar motion on the verge of sentencing.

---

[9] *See id*.

[10] Docket No. 90, at 8.

The Magistrate Judge noted that Defendant's "constant oscillation . . . suggests manipulation or perhaps buyer's remorse rather than a strong indication that the plea was entered in haste or confusion."[11] This Court agrees with the Magistrate Judge's conclusion.

The content of Defendant's motions also supports a finding that Defendant suffered from a recurring case of buyer's remorse. In his second Motion to Withdraw, Defendant states that when he entered his plea he did not "understand that the (924(c)) was a mandatory consecutive sentence" and when he "found out [he] petitioned the Court to withdraw [his] guilty plea."[12] Defendant's remorse, which lead to the filing and withdrawal of his motions, appears to be motivated by his fear of being sentenced to significant time in prison rather than any protestation or assertion of innocence. This remorse and oscillation lead to a period of five month's delay before Defendant filed an earnest motion to withdraw.

While there was not a substantial delay between Defendant's plea of guilty and the filing of his first motion to withdraw, substantial delay did transpire before Defendant sought to maintain the withdrawal of his plea. The Court finds that in viewing the totality of the circumstances here, this factor weighs against Defendant.

D.   INCONVENIENCE TO THE COURT

Defendant objects to the Magistrate Judge's finding that "this factor weighs slightly against Defendant."[13] Defendant objects on the grounds that "[a]ny additional time or resources

---

[11]Docket No. 89, at 5.

[12]Docket No. 73, at 1.

[13]Docket No. 89, at 6.

expended by the Court, though inconvenient, is insufficient to deny [Defendant] his motion to withdraw guilty plea."[14]

The Court recognizes that "some degree of inconvenience to the court from a plea withdrawal is inevitable."[15] However, because of Defendant's vacillation, nearly a year has passed since Defendant entered his plea of guilty in this case. This has resulted in "pushing the trial further from the events at issue, inconveniencing the [C]ourt, and wasting judicial resources."[16] Therefore, the Court finds that this factor weighs against Defendant.

E.    ASSISTANCE OF COUNSEL

Defendant maintains that "he had competent counsel throughout the time preceding and during his change of plea."[17] Nevertheless, "[b]ecause [Defendant's] mental health was not properly evaluated and assessed by former counsel" Defendant asserts that this factor should weigh in his favor.[18] As recognized by Defendant, this Court is persuaded that Defendant has enjoyed the assistance of competent counsel.

Defendant's principal complaint with regards to his former counsel is that counsel did not help him understand that he was facing a mandatory consecutive sentence in addition to a

---

[14] Docket No. 90, at 8.

[15] *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996).

[16] *United States v. Garcia*, 577 F.3d 1271, 1275 (10th Cir. 2009) (citing *United States v. Kramer*, 168 F.3d 1196, 1202 (10th Cir. 1999)).

[17] Docket No. 90, at 8.

[18] *Id*. at 9-10.

6

minimum mandatory sentence of ten years.[19] Such an assertion is not supported by the record in this case.

Defendant was informed directly by the Court of the mandatory consecutive nature of his sentence on no less than three occasions. The record reflects that Defendant was informed of the charges against him and the potential penalties he faced: (1) at his arraignment on the original indictment, held December 2, 2010; (2) at his arraignment on the Superseding Indictment, held March 2, 2011; and (3) at the change of plea hearing, held August 8, 2011.[20] Furthermore, Defendant indicated at the time he entered his plea that he understood that his former counsel could not inform him as to what sentence he would receive.[21] "Given that [Defendant] was advised there was no guarantee of any particular sentence," the Court is not persuaded that Defendant's alleged lack of understanding as to the potential consecutive nature of his sentencing constitutes a failure on the part of Defendant's former counsel.[22]

Defendant's arguments with regards to former counsel's alleged failure to take the proper steps in evaluating Defendant's mental health issues are similarly unavailing. It is undisputed that Defendant's former counsel ensured that Defendant was examined by a mental health

---

[19] *See* Docket No. 73, at 1.

[20] *See* Docket Nos. 17, 25, 75.

[21] *See* Docket No. 75, at 10.

[22] *United States v. Rith*, 63 F. App'x 463, 465 (10th Cir. May 20, 2003) (unpublished).

professional.[23] Furthermore, the Court specifically inquired as to Defendant's state of mind at the time Defendant entered his plea of guilty and found him legally competent to enter his plea.[24]

In sum, the Court finds that this factor weighs against Defendant.

F.   VOLUNTARINESS

Defendant objects to the Magistrate Judge's conclusion that "Defendant's plea was voluntarily, knowingly, and intelligently entered."[25] Defendant objects specifically to the Magistrate Judge's findings (1) that seven weeks had passed between Defendant's alleged psychotic breakdown and the entry of his plea of guilty and (2) that seven weeks was a sufficient amount of time for Defendant's medications to take effect and improve Defendant's mental condition.[26]

The Magistrate Judge found that "nearly seven weeks" had transpired between June 22, 2012, and August 8, 2012.[27] Defendant's first objection—that less than seven weeks had transpired—is based on a misreading of the Magistrate Judge's Report and Recommendation.

As a result of his mental health issues, Defendant was placed on three medications: Haldol, Effexor, and Risperdal. According to documentation provided by Defendant, the full

---

[23] *See* Docket No. 42.

[24] *See* Docket No. 75, at 21.

[25] Docket No. 89, at 11.

[26] *See* Docket No. 90, at 10.

[27] Docket No. 89, at 9.

8

benefits of Haldol and Risperdal "may not be seen for 6-12 weeks or longer."[28] Individuals taking Effexor "may show some improvement within the first 1-2 weeks" with full benefits in "4-6 weeks."[29] Based on these time frames, "by August 8th Defendant would likely be experiencing the full benefits from Effexor with at least partial to full benefits from Haldol and Risperdal."[30]

During the change of plea colloquy the Court specifically inquired as to whether Defendant was under the influence of anything that would prevent him from entering his plea. The Court also took particular care to ensure Defendant was not suffering from mental reservations that would prevent him from going forward with his plea. Indeed, over the course of the change of plea hearing the Court inquired on six separate occasions whether Defendant had any mental reservations that would prevent him from going forward.[31] After this thorough questioning, the Court accepted Defendant's plea of guilty. In doing so, the Court specifically found that Defendant's plea was "knowingly, voluntarily, intelligently answered" and Defendant was "legally competent to enter" his plea.[32]

In sum, because sufficient time had passed for Defendant to experience the full benefits of his medications and the Court went to great lengths to establish Defendant's mental state at the

---

[28] Docket No. 84 Ex. 2, at 5, 15.

[29] *Id*. at 10.

[30] Docket No. 89, at 9-10.

[31] *See* Docket No. 75.

[32] *Id*. at 21.

9

time he entered his plea, this Court finds that Defendant's plea was voluntarily, knowingly, and intelligently entered.

G.  JUDICIAL RESOURCES

Defendant "objects to the Magistrate's determination that he [is] guilty and that a withdrawal of guilty plea will only postpone the inevitable and thereby result in a waste of judicial resources."[33] As previously noted, nearly a year has passed since Defendant entered his plea of guilt in this case and Defendant's vacillation has resulted in "pushing the trial further from the events at issue, inconveniencing the [C]ourt, and wasting judicial resources."[34] Furthermore, Defendant's arguments regarding his mental health condition and new found legal innocence defense do nothing to alleviate this waste. Therefore, the Court finds that this factor weighs against Defendant.

III.  CONCLUSION

In sum, the Court finds that Defendant's objections are without merit. The Court will therefore adopt the Report and Recommendations of the Magistrate Judge. It is therefore

ORDERED that Defendant's Motions to Withdraw Plea of Guilty and Continue Sentencing Hearing (Docket Nos. 73, 83) are DENIED. The Court will proceed to sentencing in this matter on September 10, 2012, at 3:30 pm.

---

[33] Docket No. 90, at 10.

[34] *Garcia*, 577 F.3d at 1275 (citing *Kramer*, 168 F.3d at 1202).

DATED   August 2, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge